UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN WILLIAMS and TANYA
WILLIAMS,

       Plaintiffs,

v.                                                Case No. 09-12106
                                                Honorable Patrick J. Duggan

JP MORGAN MORTGAGE
ACQUISITION CORP.,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 19, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

This action arises from the foreclosure of real property in Addison Township, Michigan, owned by Plaintiffs Steven Williams and Tanya Williams (collectively "Plaintiffs"). In a Complaint filed on May 21, 2009, in the Circuit Court for Oakland County, Michigan, Plaintiffs allege that Defendant JP Morgan Acquisition Corporation ("Defendant") promised that it would modify Plaintiffs loan on the property and delay a Sheriff's Sale during the loan modification process.[1] Plaintiffs allege the following

---

[1] In its Answer to the Complaint, Defendant contends that it has been erroneously sued and that Defendant Homesales, Inc. is the proper defendant.

"claims" against Defendant based on these alleged promises: (I) Quiet Title; (II) Unjust Enrichment; (III) Breach of Implied Agreement/Specific Performance; (IV) Constructive Trust; and (V) Injunction. On June 1, 2009, Defendant removed the Complaint to this Court pursuant to 28 U.S.C. § 1332(a) and 1441. Presently before the Court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), filed January 15, 2010. The motion has been fully briefed and, on March 17, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## I.     Standard for Summary Judgment

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the

"nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e)). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255, 106 S. Ct. at 2513.

II. **Factual and Procedural Background**

In May 2007, Plaintiff obtained a loan from First National Bank of Arizona to purchase the subject property and executed a mortgage on the Property to secure the loan. On September 12, 2008, Mortgage Electronic Registration Systems, Inc., as nominee for First National Bank of Arizona, assigned the mortgage to Defendant.

Plaintiffs subsequently defaulted on the terms of the loan and stopped making payments altogether in May 2008. Around the same time, Plaintiffs attempted to obtain a loan modification. According to the allegations in Plaintiffs' Complaint, they were in contact with Defendant regarding a loan modification from September 2008 through February 2009. Eventually it was determined that Plaintiffs did not qualify for a loan modification and Defendant initiated foreclosure proceedings by advertisement.

A Sheriff's Sale was held on November 4, 2008, where Defendant was the successful bidder. Plaintiffs' right of redemption under Michigan law expired on May 4,

3

2008, and on November 13, 2008, Defendant quit claimed the property to Homesales, Inc.

Plaintiffs thereafter filed their Complaint in the State Court, contending that Defendant assured them that during the loan modification process it would reschedule the Sheriff's Sale so that they would not lose their home. (Compl. ¶ 11.) Plaintiffs also allege "[t]hat Defendant committed a material misrepresentation by promising or representing that Defendant would consider a loan modification of the subject property." (*Id.* ¶ 42.) As indicated earlier, Defendant removed the Complaint to this Court and has now filed a summary judgment motion.

## III.    Applicable Law and Analysis

In the motion for summary judgment, Defendant contends that Plaintiffs' claims are barred by the statute of frauds set forth in Michigan Compiled Laws Section 566.132(c). In response, Plaintiffs contend that Defendant "has missed the gravamen of [their] Complaint" and that "[t]his is not a breach of promise case under MCL 566.132(2) which requires a writing in order to avoid the Statute of Fraud." (Resp. at 1.) Instead, Plaintiffs' explain, this is a material misrepresentation case based on Defendant's misrepresentation that it would either modify Plaintiffs' loan "or have a definitive decision on whether they would obtain a [l]oan [m]odification before [it] would go forward with a Sheriff [sic] Sale." (*Id.*) In an affidavit submitted in support of their response, Mr. Williams states that Plaintiffs would have filed for bankruptcy, obtained a TRO, or confirmed in writing that Defendant would adjourn the Sheriff's Sale until after the loan modification was made. (Resp., Affidavit ¶ 6.) Referring to Exhibit 5 to their

4

Response, Plaintiffs contend that "there are a series of writings by Defendant[] to confirm the representation and promise that the Sheriff [sic] Sale would be adjourned." (Resp. at 3.)

Even if the Court construes Plaintiffs' Complaint as alleging a material misrepresentation claim, that claim and the claims actually alleged in their Complaint fail based on the statute of frauds applicable to financial institutions set forth in Michigan Compiled Laws Section 566.132(2) and because Plaintiffs fail to present evidence of a writing containing the alleged promises. Section 566.132(2) provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in payment or performance of a loan, extension of credit or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Law § 566.132(2). The Michigan Court of Appeals has interpreted this provision as precluding any action– "no matter its label"– against a financial institution. *Crown Technology v. D&N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000) (holding that statute applied to the plaintiff's claims against financial institution alleging promissory estoppel and negligence based on bank's representations about a

prepayment penalty). The court also has held that "an agreement to delay a foreclosure sale is an agreement to make a 'financial accommodation' within the scope of [the statute]." *FEI Co. v. Republic Bank, S.E.*, No. 2005-00489, 2006 WL 2313612, at *2 (Mich. Ct. App. Aug. 10, 2006) (unpublished opinion).

In response to Defendant's motion for summary judgment, Plaintiffs fail to present evidence of a writing in which Defendant promised that it would modify Plaintiffs' loan and/or delay the Sheriff's Sale pending their request for a modification. While Plaintiffs state "that there are a series of writings by Defendant to confirm the representation and promise that the Sheriff [sic] Sale would be adjourned," they cite only to Exhibit 5 to their response. Exhibit 5, titled "FORTRACS History Notes," appears to be a log maintained by Defendant's representatives to record activity related to a loan. The notes on this document read:

> •Activity Notes on 10/23/08: "Decline File completed: 10/23/2008."
>
> •Foreclosure Notes on 10/22/08: Dialog to atty: The 11/04/08 sale date is fine. Thanks!"
>
> •Foreclosure Notes on 10/22/08: "Dialog from atty: Please be advise the sale date is set for 11/04/2008. Please confirm that this sale date is okay. Thank."
>
> •Activity Notes on 10/22/08: "Sale Schedule completed: 11/04/2008."
>
> •Foreclosure Notes on 10/22/08: "Activities manually rebuilt."
>
> •Activity Notes on 10/22/08: "Sale Schedule completed:

6

10/22/2008."

•Activity Notes on 10/22/2008: "Continue Foreclosure Action completed: 10/22/2008.

•Activity Notes on 10/22/2008: "CONT FCL- WORKOUT DECLINED."

•Loss Mitigation Notes on 10/21/2008: "TT Jim Surprenant, VER INFO.MM..ADVS INVESTOR IS NOT GOING TO DO FORB.ADVS THEY NEED TO SELL PRPTY AND WE PROCEED WITH FCL. ADVS HE WILL TT BWRS AND INFORM THEM."

(Resp. Ex. 5.) Nowhere in this document is a promise made to delay the Sheriff's Sale beyond the date when it actually occurred (November 4, 2008). However, even if the document did reflect such a promise, it only offers proof of a verbal promise and not a writing signed by Defendant as required by the statute. None of the documents submitted in this case contain a writing, signed by Defendant, promising to modify Plaintiffs' loan or delay the Sheriff's Sale.[2]

As Plaintiffs fail to demonstrate the existence of a writing, signed by Defendant, that contains the promises they allege in their Complaint, the Court concludes that their claims are barred by Michigan Compiled Laws Section 566.132(2).

Accordingly,

---

[2]Plaintiffs attach to their Response a September 6, 2008 letter that Chase Home Finance LLC sent to Mr. Williams concerning a loan modification. (Resp. Ex. 2.) However, this letter only states "[w]e *may* be able to help you bring your loan payments current . . ." and specifically advises: "[p]lease note that while we are here to help you, we are under no obligation to approve any request we receive." (Resp. Ex. 2 (emphasis added).)

7

**IT IS ORDERED**, that Defendant's Motion for Summary Judgment is **GRANTED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Darwyn P. Fair, Esq.
Joseph H. Hickey, Esq.
Brandon M. Blazo, Esq.